Matter of Adebiyi v New York City Hous. Auth. (2018 NY Slip Op 02304)





Matter of Adebiyi v New York City Hous. Auth.


2018 NY Slip Op 02304


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Friedman, J.P., Sweeny, Gesmer, Kern, Singh, JJ.


260950/12 6181 6180

[*1]In re Adeyinka Adebiyi, Petitioner-Respondent,
v
New York City Housing Authority, et al., Respondents-Appellants.


Weiss, Wexler & Wornow, P.C., New York (Cory I. Zimmerman of counsel), for appellants.
Gregory J. Cannata & Associates, LLP, New York (Gregory J. Cannata of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 5, 2015, which, upon reargument, inter alia, denied respondents' cross motion to compel petitioner to reimburse a workers' compensation lien, and referred the issues concerning petitioner's disability classification and extinguishment of any statutory lien under Workers Compensation Law (WCL) § 29 to the Workers' Compensation Board (WCB), unanimously reversed, on the law, without costs, and respondents' cross motion granted. Appeal from order, same court (Barry Salman, J.), entered August 19, 2016, which denied respondents' motion to renew and reargue, unanimously dismissed, without costs, as academic.
Petitioner was injured on the job while in the employ of respondent New York City Housing Authority, and received workers' compensation benefits after being classified by the WCB as permanently partially disabled. He commenced federal actions against the manufacturer and lessor of the ultra-high pressure washer that malfunctioned and caused his injuries. He settled with the lessor for $800,000 and obtained a jury verdict and judgment against the manufacturer in excess of $1.6 million. Due to a dispute concerning whether or not respondents had consented to the settlement of the federal action, petitioner moved for judicial approval of the settlement. Respondents cross-moved for a lien on the proceeds of the settlement, after deduction for the equitable share of the attorneys' fees and costs. In a December 2013 order, Supreme Court approved the settlement and granted respondents' cross motion for a lien in the amount of $222,049.27, after a credit to petitioner for litigation costs.
Petitioner moved for renewal and/or reargument, asserting that the amount of the lien should not be determined until the WCB decided whether or not to reclassify him as permanently totally disabled. Supreme Court granted the motion and, upon reargument, vacated its prior determination to the extent it granted respondents' cross motion. This was error.
Based on the language of WCL 29, the amount of respondents' lien on petitioner's third-party recovery should be ascertained as of when the settlement was obtained, without consideration of a potential reclassification of petitioner's disability status by WCB. At the time of the settlement, the amount of past benefits paid to petitioner was easily quantifiable, and he does not dispute the figure claimed by respondents.
However, since petitioner was classified by WCB as partially, rather than totally disabled, at the time of the settlement, the value of the future benefits which respondents were relieved of paying due to the recovery was speculative (see Burns v Varriale, 9 NY3d 207, 215 [2007]). Thus, the court's December 2013 order correctly granted respondents' cross motion with respect to reimbursement of the lien for the past benefits that were paid at the time of the settlement. [*2]The court's deferral of the lien issue until WCB determined whether or not to reclassify petitioner's disability status was erroneous in that the only relevant factor was his disability status at the time of the settlement.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK